HUGHES, J.,
would grant the writ.
While the subject matter may be unpleasant, justice should be blind, not squeamish. The failure to allow the videotapes at trial raises constitutional issues.
Consent is an element of the crimes charged. The wife testified that she never consented to the sexual practices she and her husband engaged in. The husband testified that she always consented. The 200 videotapes, or a portion thereof, would *43 provide objective evidence for the fact finder, in this case a jury, to make this credibility determination.
The husband argues that the trial judge instead made this credibility call — believing the wife and disbelieving the husband — by withholding the videotapes from the jury. He argues he was thus deprived of his right to a jury trial, as well as his right to present a defense and to confront his accuser, by being denied the opportunity to impeach his wife’s explicit testimony on the issue of consent with the objective videotape evidence.
While it is true that prior consensual acts do not excuse a subsequent criminal act, in a “he said, she said” situation such as this, the probative value of the videotapes cannot be ignored.